UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-23512-CIV-ALTONAGA/Goodman

MEAT TOWN DISTRIBUTORS, INC.,

      Plaintiff,

vs.

UNITED SPECIALTY
INSURANCE COMPANY,

      Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant United Specialty Insurance Company ("USIC") responds to Plaintiff's Complaint as follows.

1. Admitted that the amount in controversy exceeds $15,000, exclusive of interest, attorney's fees, and costs, but denied that USIC is liable for the amount claimed.

2. Admitted that USIC does business in the State of Florida and that this Court has jurisdiction to hear the dispute, but denied that any alleged breach occurred.

3. Admitted that venue is proper in Miami, but denied that any alleged breach occurred.

4. Denied.

5. Admitted that the policy issued by USIC to Plaintiff (Policy Number USA 4183579) was in effect from September 5, 2017 through September 5, 2018, and that the necessary premiums for this policy period were paid. Otherwise, denied.

6. Admitted that USIC is in possession of said policy; however, USIC is without knowledge as to the remaining allegations and therefore denies same.

7. Denied.

8. Admitted that a loss occurred, but denied that the loss is covered by the policy.

9. Denied.

10. Admitted that the policy speaks for itself. Otherwise, denied.

11. Admitted that a loss occurred, but denied that the loss is covered by the policy.

12. Denied.

13. Denied.

14. Admitted that USIC investigated the loss.

15. Denied.

16. Denied.

## COUNT I
## BREACH OF CONTRACT

17. USIC incorporates and re-states its responses to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Admitted that the policy is a contract and that it speaks for itself.

19. Admitted that the policy was in full force and effect from September 5, 2017 through September 5, 2018, and that the necessary premiums for this policy period were paid. Otherwise, denied.

20. Denied.

21. Admitted that a loss occurred, but denied that the loss is covered by the policy.

22. Denied.

23. Admitted that the policy speaks for itself. Otherwise, denied.

24. Admitted that the policy speaks for itself. Otherwise, denied.

25. Admitted that a loss occurred, but denied that the loss is covered by the policy.

26. Denied.

27. Admitted that USIC investigated the loss.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

USIC denies that Plaintiff is entitled to the relief requested in the un-numbered WHEREFORE clause following paragraph 31.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the Duties After Loss Set forth in the policy, and therefore its claim is barred. The violations included, but are not limited to, failing to provide any documentation identifying the alleged cause of loss upon request for same. This information was requested by USIC, at least, by letters dated December 18, 2017, and January 30, 2018.

### SECOND AFFIRMATIVE DEFENSE

Based on the investigation USIC conducted, the loss is not covered by the policy. The loss appears to have been caused by a power outage resulting from Hurricane Irma. Such a loss is excluded by the policy. The applicable provisions include, but are not limited to, the following.

    A.    Covered Causes Of Loss

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B.   Exclusions

   1.   We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

      e.   Utility Services

         The failure of power, communication, water or other utility service supplied to the described premises, however caused, if the failure:

         (1) Originates away from the described premises; or

         (2) Originates at the described premises, but only if such failure involves equipment used to supply the utility service to the described premises from a source away from the described premises.

         Failure of any utility service includes lack of sufficient capacity and reduction in supply.

         Loss or damage caused by a surge of power is also excluded, if the surge would not have occurred but for an event causing a failure of power.

         But if the failure or surge of power, or the failure of communication, water or other utility service, results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

         Communication services include but are not limited to service relating to Internet access or access to any electronic, cellular or satellite network.

EQUIPMENT BREAKDOWN ENHANCEMENT ENDORSEMENT

COMMERCIAL PROPERTY COVERAGE PART

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM - CP 0010

CAUSES OF LOSS - SPECIAL FORM - CP 1030

COMMON POLICY CONDITIONS - IL 0017

C. CP 1010, Causes of Loss - Basic Form; CP 1020. Causes of Loss - Broad Form, and CP 1030, Causes of Loss - Special Form, are revised as follows:

    1.    Section A - Covered Causes of Loss is revised to included "equipment breakdown"

* * *

    2.    Section B - Exclusions, are revised as follows:

        c.    The following exclusions are removed from CP 1030, Causes of Loss - Special Form, and not replaced:

E. For the purposes of this endorsement the following definitions are added:

    1.    The following definition is added to CP 1010, Section E, Definitions; CP 1020: Section F, Definitions and CP 1030, Section G., Definitions:

"Equipment breakdown" as used herein means:

    a.    Physical loss or damage both originating within:

        (1)    Boilers, fired or unfired pressure vessels, vacuum vessels, and pressure piping, all normally subject to vacuum or internal pressure other than static pressure of contents, excluding:

5

        (a) Waste disposal piping;

        (b) Any piping forming part of a fire protective system;

        (c) Furnaces; and

        (d) Any water piping other than:

            i. Boiler feed water piping between the feed pump and the boiler;

            ii. Boiler condensate return piping; or

            iii. Water piping forming part of a refrigerating or air conditioning system used for cooling, humidifying or space heating purposes.

    (2) Mechanical, electrical, electronic or fiber optic equipment; and

b. Caused by, resulting from, or consisting of:

    (1) Mechanical breakdown;

    (2) Electrical or electronic breakdown; or

    (3) Rupture, bursting, bulging, implosion, or steam explosion.

c. However, "Equipment Breakdown" will not mean:

Physical loss or damage caused by or resulting from any of the following; however if loss or damage not otherwise excluded results, then we will pay for such resulting damage:

              \* \* \*

    (8) Any loss, damage, cost or expense directly caused by, contributed to by, resulting from or arising out of the following causes of loss:

        Fire, lightning, combustion explosion, windstorm or hail, weight of snow, ice or

> sleet, freezing, falling objects, smoke, aircraft or vehicles, riot or civil commotion, vandalism, sinkhole collapse, volcanic action, leakage from fire extinguishing equipment, water damage, earth movement and flood;

A. Coverage

    1. Business Income

* * *

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

EXCLUSION - WINDSTORM OR HAIL

A.    In the Covered Cause of Loss Basic and Broad Forms, item 4. of Section A. Covered Causes of Loss, is deleted in its entirety and not replaced.

B.    The following is added to section B., Exclusions, of Covered Cause of Loss Basic, Broad and Special Forms:

Windstorm or Hail

We will not pay for loss or damage:

    1. Caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage; or

    2. Caused by rain, water, snow, sand or dust, whether

>driven by wind or not, if that loss or damage would not have occurred but for the Windstorm or Hail.
>
>But if Windstorm or Hail results in a cause of loss other than rain, water, snow, sand or dust, and that resulting cause of loss is a Covered Cause of Loss, we will pay for the loss or damage caused by such Covered Cause of Loss. For example, if the Windstorm or Hail damages a heating system and fire results, the loss or damage attributable to the fire is covered subject to any other applicable policy provisions.
>
>* * *
>
>H.    Windstorm or hail is deleted from section G., Definitions, paragraph 2., "Specified Causes of Loss", In the Causes of Loss - Special Form, and is not replaced.

All other terms and conditions of this policy remain unchanged.

LIMITED PROPERTY EXTENSIONS

This endorsement modifies insurance provided under the following

Food Spoilage

(1)    We will pay for loss or damage to "perishable stock" caused by or resulting from adulteration, spoilage or change in temperature.

However, this Coverage Extension will not apply if the loss or damage is caused by Wind or Hail **and** Wind or Hail is excluded as a Covered Cause of Loss.

(2)    The most we will pay in any one occurrence is the amount shown in the Schedule above.

USIC reserves its right to rely on any other applicable policy provisions identified through the course of this case.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has an obligation to mitigate its damages and failed to do so. The actions that

could have mitigated the loss include, but are not limited to, renting a portable commercial generator to keep the refrigeration units functioning.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint bases its cause of action upon a contract with an insurer. In first-party insurance claims, the contractual amount due is the amount owed according to the terms and conditions of the policy. *Talat Enterprises, Inc. v. Aetna Casualty and Surety Co.*, 753 So. 2d 1278, 1283 (Fla. 2000). Therefore, to the extent the complaint seeks to impose extra-contractual obligations on USIC, those claims are improper and should be stricken.

USIC reserves its right to raise additional affirmative defenses, if and when they become known during the pendency of this litigation, as discovery and pretrial preparation are ongoing.

Respectfully submitted,

/s/Michael K. Kiernan           .
MICHAEL K. KIERNAN, ESQUIRE
Fla. Bar. No. 391964
mkiernan@tlsslaw.com
C. RYAN JONES, ESQUIRE
Fla. Bar No. 0029043
rjones@tlsslaw.com
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
Telephone: (727) 898-8100
Facsimile: (727) 895-4838
Attorneys for Defendant

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of September, 2018, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to **Lazaro Vazquez, Esq.** via email at lazaro@vazquezpa.com.

/s/Michael K. Kiernan           .

Attorney